John D. Kirby (CSB 149496)
THE LAW OFFICES OF JOHN KIRBY, A.P.C.
401 West A Street, Suite 1150
San Diego, CA 92101
Telephone: (619) 557-0100
Facsimile: (619) 557-0123

Khodadad D. Sharif, State Bar No. 187992
Matthew J. Faust, State Bar No. 254145
Yasaman Sharif, State Bar No. 298318
SHARIF | FAUST LAWYERS, LTD.
600 B Street, Suite 2490
San Diego, CA  92101
Telephone: (619) 233-6600
Facsimile: (619) 233-6602

Attorneys for Defendants Fusion Hotel Management LLC,
Fusion Hospitality Corporation, and Denny T. Bhakta

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>vs.<br><br>FUSION HOTEL MANAGEMENT LLC, FUSION HOSPITALITY CORPORATION, AND DENNY T. BHAKTA,<br><br>Defendants | Case No.: 3:21-cv-02085-L-MSB<br><br>MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS COMPLAINT FILED BY PLAINTIFF<br><br>Judge:              Hon. M. James Lorenz<br>Magistrate Judge:   Hon. Michael S. Berg<br>Hearing Date:       April 5, 2022<br>Hearing Time:       10:30 a.m.<br><br>Pursuant to local rules, no oral argument unless requested by the Court. |

///

# INTRODUCTION

The Securities and Exchange Commission ("SEC" or "Plaintiff") has initiated this action against Defendants Fusion Hotel Management LLC, Fusion Hospitality Corporation, and Denny T. Bhakta ("Defendants"), claiming that Defendants engaged in a sophisticated fraudulent scheme that allegedly ran from at least January 2016 until at least February 2020, raising over $15 million from more than 40 investors, and yet the SEC has failed to comply with well-established pleading requirements to ensure Defendants receive adequate notice enabling them to admit or deny the serious claims made against them. The Complaint fails to meet Rule 12(b)(6)'s general pleading requirements, let alone Rule 9(b)'s heightened pleading requirements applicable to claims grounded in fraud. There is not a single instance in the Complaint where the SEC identifies an investor, or a group of investors in same or similar circumstances. The Complaint fails to specifically and clearly allege what, when, where, and how misrepresentations were made to, or the extent of reliance and damages suffered by, such investor or group of investors. The Complaint is cursory and confusing. The requisite elements are general, vague, and conclusory. Thus, the Complaint fails to state facts sufficient to constitute the two securities fraud claims for relief. Accordingly, the Court should grant this Motion by dismissing the Complaint in its entirety.

///

# **TABLE OF CONTENTS**

INTRODUCTION ............................................................................................................2

TABLE OF CONTENTS................................................................................................3

TABLE OF AUTHORITIES ..........................................................................................4

STATEMENT OF FACTS ..............................................................................................6

ARGUMENT ....................................................................................................................7

   I.    THE COURT SHOULD DISMISS THE COMPLAINT BECAUSE IT FAILS TO SUFFICIENTLY PLEAD SECURITIES FRAUD CLAIMS. ..................................7

       A.    Both Securities Fraud Claims Fail as They are not Pleaded Sufficiently. .......8

       B.    Both Security Fraud Claim Fail as They are not Pleaded Sufficiently and with Requisite Particularity Under Rule 9(b)..................................................9

CONCLUSION ..............................................................................................................14

# TABLE OF AUTHORITIES

**STATUTORY PROVISIONS**

Section 10(b) of the Exchange Act of 1934 ................................................................. 8, 10

Section 17(a) of the Securities Act of 1933 ................................................................... 8, 10

**UNITED STATES SUPREME COURT DECISIONS**

*Aaron v. Securities and Exchange Commission,*

    446 U.S. 680 (1980) ................................................................................................. 9

*Ashcroft v. Iqbal,*

    556 U.S. 662 (2009) ................................................................................................. 7

*Bell Atlantic Corp. v. Twombly,*

    550 U.S. 544 (2007) ................................................................................................. 7

*Stoneridge Inv. Partners, LLC v. Scientific-Atlanta, Inc.,*

    552 U.S. 148 (U.S. 2008) ......................................................................................... 8

*Tellabs, Inc. v. Makor Issues & Rights, Ltd.,*

    127 S. Ct. 2499 (U.S. 2007) ................................................................................... 10

**UNITED STATES COURTS OF APPEAL DECISIONS**

*Cedars-Sinai Med. Ctr. v. Nat'l League of Postmasters of U.S.,*

    497 F.3d 972 (9th Cir. 2007) .................................................................................. 7

*In re Verifone Holdings, Inc. Securities Litigation,*

    704 F.3d 694 (9th Cir. 2012) ................................................................................ 10

*Mueller v. San Diego Entm't Partners, LLC*,
   260 F. Supp. 3d 1283 (9th Cir. 2017) .................................................................... 10

*Odom v. Microsoft Corp.*,
    486 F.3d 541 (9th Cir. 2007) ................................................................................ 10

*Schueneman v. Arena Pharms., Inc.*,
   840 F.3d 698 (9th Cir. 2016) .................................................................................. 9

*United States SEC v. Hui Feng*,
   935 F. 3d 721 (9th Cir. 2019). ................................................................................ 8

*Vess v. Ciba-Geigy Corp. USA*,
   317 F.3d 1097 (9th Cir. 2003) .............................................................................. 10

**UNITED STATES DISRICT COURTS DECISIONS**

*SEC v. Fitzgerald*,
   135 F. Supp. 2d 992 (N. D. Cal. 2001) .................................................................. 8

*SEC v. Trabulse*,
   526 F. Supp. 2d 1008 (N.D. Cal. 2007) ................................................................. 8

**FEDERAL RULES OF CIVIL PROCEDURE**

Federal Rules of Civil Procedure, Rule12(b)(6) ............................................................. 7

Federal Rules of Civil Procedure, Rule 9(b) ............................................................. 9, 11

## STATEMENT OF FACTS

The Complaint sets the facts in a confusing and disorganized manner, without sufficient particularity. The Complaint alleges that between at least January 2016 and at least February 2020, Defendants engaged in a fraudulent scheme in which they raised over $15 million through the sale of securities, from more than 40 investors, while intentionally or recklessly making false misrepresentations to them. The Complaint alleges that Defendants falsely represented to investors that they were investing in Defendants' business of acquiring blocks of hotel room reservations from major hotel chains at wholesale rates and selling those rooms at a profit to Defendants' corporate clients. The Complaint contains additional false misrepresentations made by Defendants.

The Complaint, however, is devoid of specific facts as to what, when, where, and how false representations were made to each specific investor, or at least to each specific group of investors to whom same sets of facts apply. Moreover, the Complaint contains allegations that investors were left "with substantial losses," while some of them received payments from Defendants, which provides no notice to Defendants of the amount and extent of damages allegedly suffered by each investor or each group of investors with same circumstances.

The "who, what, when, where, and how" elements required by Rule 9's heightened pleading standard, and the damages, causation, and justifiable reliance elements under Rule 12(b)(6) are missing, or at most are confusing, conclusory, and general statements. The

Complaint does not allege facts sufficient to constitute viable fraud claims. Accordingly, the Court should dismiss the Complaint in its entirety.

## ARGUMENT

### I. THE COURT SHOULD DISMISS THE COMPLAINT BECAUSE IT FAILS TO SUFFICIENTLY PLEAD SECURITIES FRAUD CLAIMS.

The Court should grant this Motion because the Complaint fails to properly plead any viable securities fraud claims. To avoid a Rule 12(b)(6) motion to dismiss, a complaint must "state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Generally, it is only required that a complaint set forth a "short and plain statement of the claim showing that the pleader is entitled to relief," and "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell*, 550 U.S. at 556). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* When deciding a Rule 12(b)(6) motion to dismiss, the allegations stated in the complaint are taken as true and all reasonable inferences that can be drawn from the complaint are drawn in favor of the plaintiff. *Cedars-Sinai Med. Ctr. v. Nat'l League of Postmasters of U.S.*, 497 F.3d 972, 975 (9th Cir. 2007).

As will be discussed below, the Complaint cannot survive this Motion as it does not set facts sufficient to state the two securities fraud claims.

**A.     Both Securities Fraud Claims Fail as They are not Pleaded Sufficiently.**

The Complaint failed to plead facts sufficient to state the securities fraud claims. Plaintiff claims that Defendants violated Section 10(b) of the Exchange Act of 1934 and Rule 10b-5 ((a)-(c)) thereunder, as well as Section 17(a)(1)-(3) of the Securities Act of 1933, without alleging facts sufficient to state the claims. The elements of a securities fraud claim under Section 10(b) and Rule 10b-5 are: "a material misrepresentation or omission by the defendant; (2) scienter; (3) a connection between the misrepresentation or omission and the purchase or sale of a security; (4) reliance upon the misrepresentation or omission; (5) economic loss; and (6) loss causation." *Stoneridge Inv. Partners, LLC v. Scientific-Atlanta, Inc.*, 552 U.S. 148, 157 (U.S. 2008). These elements are substantially identical for alleging a Section 17a securities fraud claim.

The antifraud provisions of the Securities Act of 1933 (Section 17(a)(1)-(3)), and the Exchange Act of 1934 (Section 10(b)) and Rule 10b-5 ((a)-(c)) thereunder, are substantially identical. *United States SEC v. Hui Feng,* 935 F. 3d 721, 734 (9th Cir. 2019). Section 17(a) "prohibits misrepresentations, omissions of material fact, or the use of fraudulent devices *in the offer or sale of any securities*," while Section 10(b) and Rule 10b-5 "prohibit the same conduct as described in Section 17(a), but they concern conduct *in connection with* the purchase or sale of securities." *SEC v. Trabulse*, 526 F. Supp. 2d 1008, 1013 (N.D. Cal. 2007)(emphasis added); *SEC v. Fitzgerald*, 135 F. Supp. 2d 992, 1027 (N. D. Cal. 2001).

Similar to Section 10(b) and Rule 10b-5, scienter is a requirement of Section 17(a)(1); but is not a requirement for Sections 17(a)(2) or 17(a)(3). *SEC v. Trabulse*, 526 F. Supp. 2d

1008, 1014 (2007) citing to *Aaron v. Securities and Exchange Commission,* 446 U.S. 680, 695 (1980).

The Complaint only contains confusing and general allegations as to false representations made, reliance by investors, and damages suffered by them. First, the Complaint does not identify any of the investors to whom the alleged false representations were made. Second, although there are some general allegations as to the materiality of the representations, the Complaint contains no allegations as to investors reasonably and justifiability relying on such representations. Lastly, the Complaint does not allege clearly the amount and extent of damages suffered by the investors. It states the total amounts of monies raised by Defendants and some of the amounts paid by Defendants to some investors; however, it lacks any clear indication of the total damages suffered by each investor or even all investors. Thus, the Complaint fails to meet the Rule 12(b)(6)'s general pleading requirements, let alone the Rule 9(b)'s heightened pleading standard, as discussed in the following section.

### B. Both Security Fraud Claim Fail as They are not Pleaded Sufficiently and with Requisite Particularity Under Rule 9(b).

The Complaint should be dismissed as the two fraud claims fail to meet the heightened pleading requirements of the PSLRA and Rule 9(b) of the Federal Rules of Civil Procedure. The Complaint fails to meet the heightened pleading requirement of Rule 9(b) requiring the plaintiff to "state with particularity the circumstances constituting fraud." *Schueneman v. Arena Pharms., Inc.*, 840 F.3d 698, 705 (9th Cir. 2016). To satisfy Rule 9(b)'s heightened

pleading requirements, "the plaintiff must set forth 'the time, place, and specific content of the false representations *as well as the identities of the parties* to the misrepresentation.'" *Mueller v. San Diego Entm't Partners, LLC*, 260 F. Supp. 3d 1283, 1290 (9th Cir. 2017) (quoting *Odom v. Microsoft Corp.,* 486 F.3d 541, 553 (9th Cir. 2007)). "Averments of fraud must be accompanied by the who, what, when, where, and how of the misconduct charged." *Mueller,* 260 F. Supp. 3d at 1290 (quoting *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106-07 (9th Cir. 2003)). The complaint must specify each statement that the plaintiff alleged to have been false or misleading and also the reasons why the statement is false or misleading. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.,* 551 U.S. 308 (U.S. 2007).

The SEC does not have any special status to avoid the heightened pleading requirements of Rule 9(b). As has been recognized in California, the heightened pleading requirement applies in all SEC enforcement actions based in fraud claims of Section 10(b) of the Securities Exchange Act of 1934 and Section 17(a) of the Securities Act of 1933. See e.g. *SEC v. Berry*, 580 F. Supp. 2d 911, 920 (2008) holding "[f]or its claims grounded in fraud, the SEC must allege the 'who, what, where, when, and how' of the fraudulent conduct."

Both claims asserted by the SEC are grounded in fraud, and, thus, should be alleged with the required particularity under Rule 9(b). "A complaint alleging claims under Section 10(b) and Rule 10b-5 must satisfy the pleading requirements of the PSLRA and Rule 9(b)." *Mueller,* 260 F. Supp. 3d at 1291 (citing *In re Verifone Holdings, Inc. Securities Litigation*, 704 F.3d 694, 701 (9th Cir. 2012)). "The PSLRA imposed a heightened pleading

requirement under securities fraud actions under §10(b) and Rule10b-5 requiring that falsity and scienter be plead with particularity." *Id.* at 1291.

The Complaint is loaded with vague and ambiguous allegations as described below.

### 1. *The Complaint is loaded with vague and ambiguous allegations set forth in a confusing and disorganized fashion.*

The Complaint is filled with vague, ambiguous, and confusing allegations, and is devoid of specific allegations required under Rule 9(b)'s heightened pleading standard. The Complaint does not identify any of the "more than 40 investors," nor does it even attempt to distinguish them by setting them in different groups. The Complaint does not even state the exact number of the investors. In lieu of identifying each investor, or distinguished groups of investors to whom same fact patterns apply, Plaintiff drafted its Complaint in a confusing manner that does not allow Defendants to ascertain which facts apply to which investors. Notably, there are also missing facts.

### a. *There are no specific allegations regarding the "at least 3 investors."*

For instance, under section (B)(2) of the Complaint, the SEC alleges that "[i]n several instances, Defendants raised investor funds through the sale of 'Stock Certificates' issued by FHC," and that "Fusion raised at least $2,500,000 from at least 3 investors through the sale of Stock Certificates." It is not clear who these "at least 3 investors" are. How can Defendants be expected to respond if the SEC cannot state sufficient facts? It is not clear from the Complaint, (1) who the "at least three investors" are; (2) what, when, where, and how misrepresentations were made to them; and (3) if the $2,500,000 is the

total amount of damages suffered by them, or if they are amongst the investors to whom according to the Complaint some or all their funds were returned. The Complaint fails to state if Defendants allegedly made false representations to these "at least three investors" in June 2017 (paragraph 43), in 2017 (paragraph 45), in June 2017 (paragraph 54), in August 2017 (paragraph 58), in September 2017 (paragraph 60), in early 2018 (paragraph 63), towards the end of 2018 (paragraph 67), or in late 2018 or early 2019 (paragraph 69). What renders it more confusing is that it is likely that the alleged incidents involving the "at least three investors" fall outside of the timeframe of 2017 through early 2019 pleaded by SEC as "examples" in paragraphs 43, 45, 54, 58, 60, 63, 67, and 69 of the Complaint. In fact, the SEC alleges in paragraph 2 that the timespan of fraudulent scheme ran "from at least January 2016 until at least February 2020"; however, the Complaint contains no specific allegations of fraudulent activities from January 2016 to 2017 or from early 2019 to February 2020. Therefore, the Complaint fails to allege with requisite particularity when, where, and how during the timeframe of "at least January 2016 until at least February 2020," the alleged misrepresentations were made to the "at least three investors."

      b.  *There are no specific allegations regarding the "at least 40 investors."*

The same issues discussed above with respect to the "at least three investors" referred to in section B(2) of the Complaint also apply to the "at least 40 investors" referred to in section B(1) of the Complaint. The Complaint does not identify these investors, nor when, where, and what misrepresentations were made to them. The Complaint states that

Defendants "raised at least $12.5 million" from these investors; however, it is not clear if all or part of the $12.5 million constitutes their damages, as it is alleged elsewhere in the Complaint that Defendants made payments to some of the investors.

      *c. Additionally vague and ambiguous allegations are scattered throughout the Complaint.*

  The vague and ambiguous allegations are not limited to the ones discussed above, as they are scattered throughout the Complaint. For instance, SEC claims in paragraph 45 that "in 2017, Bhakta provided a prospective investor by means of the internet, with an FHM document . . ." Rather than being specific by at least mentioning the month, the Complaint vaguely states that the incident happened sometime in the entire year of 2017. It also fails to allege with specificity "how" and "where" the alleged misrepresentations were communicated, as it only states "by means of the internet," which could include by means of an email, a website, an online document sharing service, or other means available through the Internet. The vague and ambiguous statement that Defendants made misrepresentations "by means of the internet" is repeatedly pleaded throughout the Complaint. (Paragraphs 45, 58, and 63).

  Additionally, the Complaint fails to state the means utilized by Defendants to make the false representations alleged in paragraphs 67 and 69. There is no allegation on how the alleged spreadsheets were provided to the two investors.

  The SEC alleges in paragraph 74 that "Bhakta also further represented to investors that, if the room block purchased by Fusion failed to sell, Fusion's bond would repay them

their investment." This allegation is utmost vague and ambiguous, as the Complaint does not plead specific facts as to when, where, how, and to who such representation was made.

## CONCLUSION

For the foregoing reasons, the Court should grant this Motion by dismissing the Complaint, in its entirety.

THE LAW OFFICE OF JOHN KIRBY

Dated: March 4, 2022         BY:      /s/ John D. Kirby
                                     John D. Kirby, Esq.
                                   Attorneys for Defendants
                                 Fusion Hotel Management LLC,
                                 Fusion Hospitality Corporation, and
                                         Denny T. Bhakta


SHARIF | FAUST LAWYERS, LTD.

Dated: March 4, 2022         BY:      /s/ Matthew J. Faust
                                    Matthew J. Faust, Esq.
                                    Yasaman Sharif, Esq.
                                   Attorneys for Defendants
                                 Fusion Hotel Management LLC,
                                 Fusion Hospitality Corporation, and
                                         Denny T. Bhakta

# **SIGNATURE CERTIFICATION**

Pursuant to Section 2(f)(4) of the Electronic Case Filing Administrative Policies and Procedures Manual, I, Matthew J. Faust, hereby certify the content of this document is acceptable to Attorney John D. Kirby, the co-counsel for Defendants, and that I have obtained their authorization to affix their electronic signature to this document.

SHARIF | FAUST LAWYERS, LTD.

Dated: March 4, 2022    BY:    /s/ Matthew J. Faust
Matthew J. Faust
Attorneys for Defendants
Fusion Hotel Management LLC,
Fusion Hospitality Corporation, and
Denny T. Bhakta