DANIEL O. BLAU (Cal. Bar No. 305008)
Email: blaud@sec.gov
M. LANCE JASPER (Cal. Bar No. 244516)
Email: jasperml@sec.gov

Michele Wein Layne, Regional Director
Alka Patel, Associate Regional Director
444 S. Flower Street, Suite 900
Los Angeles, California 90071
Telephone: (323) 965-3306
Facsimile: (213) 443-1904

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

SECURITIES AND EXCHANGE COMMISSION,

Plaintiff,

vs.

FUSION HOTEL MANAGEMENT LLC, FUSION HOSPITALITY CORPORATION, AND DENNY T. BHAKTA,

Defendants.

Case No. 3:21-cv-02085-L-MSB

**PLAINTIFF SECURITIES AND EXCHANGE COMMISSION'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM [ECF 12]**

Date: April 5, 2022
Time: 10:30 a.m.
Judge: Hon. M. James Lorenz

# TABLE OF CONTENTS

I. INTRODUCTION ........................................................................ 1

II. SUMMARY OF ALLEGATIONS ............................................................ 1

III. ARGUMENT ............................................................................ 3

A. Legal Standard For A Motion To Dismiss Under Rule 12(b)(6) ...... 3

B. The SEC need not allege reliance, causation, or damages ................ 4

C. Defendants mistakenly apply the Private Securities Litigation Reform Act to an SEC enforcement action ...................................... 9

D. Bhakta and Fusion's fraud is alleged with specificity ....................... 9

IV. CONCLUSION ......................................................................... 12

# TABLE OF AUTHORITIES

**Cases**

*Anschutz Corp. v. Merrill Lynch & Co. Inc.*,
785 F. Supp. 2d 799, 811 (N.D. Cal. 2011)....................................................11

*Ashcroft v. Iqbal*,
556 U.S. 662, 678 (2009) ..............................................................................3

*ATSI Communications, Inc. v. The Shaar Fund, Ltd.*,
493 F.3d 87, 102 (2d Cir. 2007) ....................................................................11

*Bell Atlantic Corp. v. Twombly*,
550 U.S. 544, 547, 570 (2007) .......................................................................3

*Bly–Magee v. California*,
236 F.3d 1014, 1019 (9th Cir. 2001) ...............................................................8

*Doe v. United States*,
58 F.3d 494, 497 (9th Cir. 1995) ....................................................................3

*Dreamstone Entm't v. Maysalward Inc.*,
No. 2:14-cv-02063-CAS (SSx), 2014 U.S. Dist. LEXIS 116977, at *8-9 (C.D. Cal. June 11, 2014) ..................................................................................9

*Facciola v. Greenberg Traurig, LLP*,
781 F. Supp. 2d 913 (D. Ariz. 2011) ..............................................................10

*Fecht v. Price Co.*,
70 F.3d 1078, 1082 (9th Cir. 1995) .................................................................4

*Gebhart v. S.E.C.*,
595 F.3d 1034, 1041 n.8 (9th Cir. 2010) .....................................................5, 6

*Gilligan v. Jamco Dev. Corp.*,
108 F.3d 246, 249 (9th Cir. 1997) ..................................................................3

*Johnson v. Riverside Healthcare System, LP*,
534 F.3d 1116, 1121-22 (9th Cir. 2008)..........................................................3

*Kearns v. Ford Motor Co.*,
567 F.3d 1120, 1124 (9th Cir. 2009) ........................................................8

*Lorenzo v. SEC*,
139 S. Ct. 1094 (2019)..................................................................................5

*Louisiana Pac. Corp. v. Money Mkt. 1 Institutional Inv. Dealer*,
2011 U.S. Dist. Lexis 32414, at *14 (N.D. Cal. Mar. 28, 2011)..................11

*Mayo v. Gomez*,
32 F.3d 1382, 1384 (9th Cir. 1994) ..........................................................3

*McHenry v. Renne*,
84 F.3d 1172, 1178 (9th Cir. 1996 ............................................................4

*ScripsAmerica, Inc. v. Ironridge Global LLC*,
119 F. Supp. 3d 1213, 1239 (C.D. Cal. 2015)............................................11

*SEC v. AirTrac*,
No. CV 06-6582-JVS (RNBx),
2008 WL 11334597 (C.D. Cal. Jan. 2, 2008)................................................6

*SEC v. Berry*,
580 F. Supp. 2d 911 (N.D. Cal. 2008)..........................................................9

*SEC v. Chen*,
No. CV 15-7425-RGK (PLAx),
2016 WL 7469683 (C.D. Cal. Dec. 8, 2016).................................................6

*SEC v. Credit Bancorp, Ltd.*,
195 F.Supp.2d 475 (S.D.N.Y.2002) ..........................................................6

*SEC v. Currency Trading Int'l, Inc.*,
No. CV 02-5143PA, 2004 WL 2753128 (C.D. Cal. Feb. 2, 2004).................6

*SEC v. Dropil, Inc.*, No. 8:20-CV-00793 (SBD),
2020 WL 7348021, at *5 (C.D. Cal. Oct. 23, 2020) ......................................7

*SEC v. Kelly*,
663 F. Supp. 2d 276, 284 (S.D.N.Y. 2009) .................................................74

*SEC v. Rana Research*,
8 F.3d 1358, 1363 n.4, 1364 (9th Cir. 1993) ........................................ 5, 6, 8

*SEC v. Rind*,
991 F.2d 1486, 1490 (9th Cir. 1993) (citing 15 U.S.C. § 78u) .......................5

*SEC v. Safevest LLC*,
No. CV 08-473-JVS (MLGx),
2008 WL 11339126 (C.D. Cal. Sept. 2, 2008) ...............................................6

*SEC v. Schooler*,
No. 3:12-CV-2164-GPC,
2015 WL 3491903, at*6 (S.D. Cal. June 3, 2015) ........................................6

*SEC v. Small Cap Rsch. Grp., Inc.*,
226 F. App'x 656 (9th Cir. 2007)...........................................................9

*SEC v. U.S. Environmental, Inc.*,
82 F. Supp. 2d 237, 240 (S.D.N.Y. 2000) ........................................... 10, 11

*SEC v. Wolfson*,
539 F.3d 1249, 1260 (10th Cir. 2008) ..........................................................7

*Stoneridge Inv. Partners, LLC v. Sci.-Atlanta*
552 U.S. 148, 157, 161 (2008) ....................................................................5

*U.S. ex. rel Grubbs v. Kanneganti*,
565 F.3d 180, 190 (5th Cir. 2009) ...............................................................9

*United States v. MyLife.com, Inc.*,
499 F. Supp. 3d 757, 761 (C.D. Cal. Nov. 6, 2020).....................................10

*United States v. United Healthcare Ins. Co.*,
848 F.3d 1161, 1180 (9th Cir. 2016) ..........................................................10

*Wenger v. Lumisys, Inc.*,
2 F. Supp. 2d 1231, 1239 (N.D. Cal. 1998)....................................................4

**Administrative Decisions and Guidance**

*In re Bank of America Corp.*,

2011 U.S. Dist. Lexis 18208, at *19 (N.D. Cal. Feb. 24, 2011) ....................11

*In re Gilead Sciences Sec. Litig.*,
536 F.3d 1049, 1055 (9th Cir. 2008) ............................................................3

*In re GlenFed, Inc. Sec. Litig.*,
42 F.3d 1541, 1547, 1548 (9th Cir. 1994) .....................................................4

*In re Stac Electronics Sec. Litig.*,
89 F.3d 1399, 1403 (9th Cir. 1996) ...............................................................4

*In re Washington Pub. Power Supply Sys. Sec. Litig.*,
823 F.2d 1349 (9th Cir. 1987) .......................................................................7

**Securities Exchange Act of 1933**

Section 17(a)
[15 U.S.C. § 77q(a)] ..................................................................................4, 7

Section 17(a)(1)
[15 U.S.C. § 77q(a)(1)] ...................................................................................8

Section 17(a)(2)
[15 U.S.C. § 77q(a)(2)] ...................................................................................8

Section 17(a)(3)
[15 U.S.C. § 77q(a)(3)] ...................................................................................8

**Securities Exchange Act of 1934**

Section 10(b)
[15 U.S.C. § 78j(b)] ...................................................................... *passim*

**Federal Regulations**

Rule 10b–5
[17 C.F.R. § 240.10b-5]............................................................................ 4-8

**Federal Rules of Civil Procedure**

Fed. R. Civ. P. 8(a)(2) ........................................................................................3

Fed. R. Civ. P. 9(b) .........................................................................................3, 9

Fed. R. Civ. P. 12(b)(6) ......................................................................................3

## I. INTRODUCTION

This is an enforcement action brought by the U.S. Securities and Exchange Commission ("SEC") for violations of the federal securities laws. On December 21, 2021, Plaintiff SEC filed its complaint (ECF 1, "Compl.") against defendant Denny T. Bhakta ("Bhakta"), and two entities he founded and controlled, defendants Fusion Hotel Management, LLC ("FHM") and Fusion Hospitality Corporation ("FHC") (together, "Fusion," and collectively with Bhakta, "Defendants"). For more than four years, Bhakta raised millions of dollars from dozens of investors based on claims that Fusion had a profitable, ongoing business of buying and selling large hotel room blocks. Bhakta sent investors purported contracts between Fusion and corporate clients and purported bank statements showing Fusion's profitable business. It was all a lie. In reality, Fusion had no substantial business to speak of. Bhakta defrauded investors out of millions, much of which he spent on himself.

Bhakta now moves to dismiss, arguing that the claims against him lack the requisite specificity (ECF 12, "Motion" or "Mot."). To the contrary, the complaint in this action is replete with details of specific lies Bhakta made to Fusion investors. In an ironic twist, it is Bhakta's motion that suffers from a lack of specificity and relies instead on vague claims of insufficiency. Bhakta's motion also cites clearly inapposite law. Defendants invoke the Private Securities Litigation Reform Act ("PSLRA") and elements of a private right of action under the Exchange Act, which clearly do not apply to this SEC enforcement action. Bhakta's motion fails, and the case should proceed based on the complaint.

## II. SUMMARY OF ALLEGATIONS

Bhakta formed the first of the Fusion entities in 2011. Compl. ⁋ 11. Since it was founded, Bhakta has been Fusion's sole manager, has had sole day-to-day responsibility for Fusion, and has had exclusive control of Fusion's bank accounts. *Id*. ⁋⁋ 12-19. Bhakta raised money for Fusion through the sale of securities to

investor in the form of "capital notes" and "stock certificates." *Id*. ¶¶ 20, 24, 30, 33-35.

Bhakta induced over 40 investors to invest over $15 million in Fusion. *Id*. ¶¶ 2, 21, 36. He raised money from these investors based on lies about Fusion's business activity. *Id*. ¶ 37. Bhakta told investors that Fusion used their funds to purchase blocks of hotel rooms which were then sold to corporate clients at a profit. Id. ¶¶ 38-39. This was a lie. Bhakta and Fusion had no such business. *Id*. ¶¶ 40-41.

Bhakta made a series of false representations to investors to induce their investment. *Id*. ¶ 42. Bhakta told a prospective investor that his investment of $120,000 was needed to fund a profitable hotel block brokering transaction. *Id*. ¶ 43. This was a lie – there was no profitable hotel block brokering transaction requiring funding. *Id*. ¶44. On multiple occasions, Bhakta lied about Fusion having a profitable track record of hotel room brokering business, when in fact it had no such record. *Id*. ¶¶ 45, 49, 64-68. On multiple occasions, Bhakta showed investors what he purported to be contracts with large airline customers for hotel room blocks. *Id.* ¶¶ 47, 52, 58, 60. These were fabricated – there were no contracts with large airline customers. *Id.* ¶¶ 51, 53, 59, 62. Bhakta fabricated other documents – financial statements, financial analyses, and bank statements. *Id*. ¶¶ 46, 67, 69, 87. These statements were untrue. *Id*. ¶¶ 50, 68, 71, 88. Bhakta also lied to investors about the safety of their investments, providing them with agreements that stated that Fusion was insured and bonded. *Id*. ¶¶ 73-74. In reality, Fusion had no such insurance or bond. *Id*. ¶ 75.

Fusion did not use investor funds to execute the business presented to investor. Instead, Bhakta used the money to make some Ponzi payments and for his personal benefit. *Id*. ¶¶ 90-91, 93-96.

## III. ARGUMENT

### A. Legal Standard For A Motion To Dismiss Under Rule 12(b)(6)

Dismissal under Rule 12(b)(6) is proper only where there is a "lack of cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." *Johnson v. Riverside Healthcare System, LP*, 534 F.3d 1116, 1121-22 (9th Cir. 2008). The issue on a motion to dismiss for failure to state a claim is not whether the plaintiff will ultimately prevail, but whether the claimant is entitled to offer evidence to support the claims asserted. *Gilligan v. Jamco Dev. Corp.*, 108 F.3d 246, 249 (9th Cir. 1997). Rule 12(b)(6) is read in conjunction with Rule 8(a), which requires only a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2). In evaluating a Rule 12(b)(6) motion to dismiss, a court must accept as true all material allegations in the complaint, as well as all reasonable inferences to be drawn from them, construing the complaint in the light most favorable to the plaintiff. *Mayo v. Gomez*, 32 F.3d 1382, 1384 (9th Cir. 1994); *In re Gilead Sciences Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008). A "complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547 (2007)). Dismissal of a complaint for failure to state a claim is not proper where a plaintiff has alleged "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. In keeping with this liberal pleading standard, the district court should grant the plaintiff leave to amend if the complaint can possibly be cured by additional factual allegations. *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995).

Federal Rule of Civil Procedure 9(b) provides that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake," but that "[m]alice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b). Rule 9(b) serves to

give defendants adequate notice to allow them to defend against charges, and to deter the filing of complaints as a pretext for the discovery of unknown wrongs. *In re Stac Electronics Sec. Litig.*, 89 F.3d 1399, 1403 (9th Cir. 1996). In securities fraud actions, the plaintiff must plead with particularity the circumstances constituting the fraud so that the defendant can prepare an adequate answer. *Fecht v. Price Co.*, 70 F.3d 1078, 1082 (9th Cir. 1995); *In re GlenFed, Inc. Sec. Litig.*, 42 F.3d 1541, 1547 (9th Cir. 1994) (en banc). When a false or misleading statement is alleged, the plaintiff must set out what is false or misleading about the statement, and why it is false. *GlenFed*, 42 F.3d at 1548. The Ninth Circuit recognizes that "the requisite particularity might be supplied with great simplicity." *Id*. Thus, "the heightened pleading standard of Rule 9(b) is not an invitation to disregard the requirement of simplicity, directness and clarity of Fed. R. Civ. P. 8." *Wenger v. Lumisys, Inc*., 2 F. Supp. 2d 1231, 1239 (N.D. Cal. 1998) (*citing McHenry v. Renne*, 84 F.3d 1172, 1178 (9th Cir. 1996)).

**B. The SEC need not allege reliance, causation, or damages**

**1. Defendants misstate the elements of Exchange Act Section 10(b) and Securities Act Section 17(a)**

Defendants' leading argument is that the SEC's claims under the antifraud provisions, Securities Act Section 17(a) and Exchange Act Section 10(b), fail for lack of allegations of reliance or damages. Mot. at 8-9, 11-13. Defendant are mistaken. Reliance and damages are not elements of the SEC's claims. Defendants confuse the elements of a private right of action implied under Exchange Act Section 10(b) with the elements of a claim brought by the SEC to enforce the antifraud provisions. "The elements of a section 10(b) or Rule 10b–5 claim vary depending on the identities of the parties and the nature of the relief sought. In a *private* securities fraud action, the plaintiff generally must prove five elements: (1) a material misrepresentation or omission of fact; (2) scienter; (3) a connection with the purchase or sale of a security; (4) transaction and loss causation; and (5)

economic loss. . . . The fourth and fifth elements of a private claim are . . . inapplicable [to claims brought by the SEC].” *Gebhart v. S.E.C.*, 595 F.3d 1034, 1041 n.8 (9th Cir. 2010) (emphasis in original). Defendants cite *Stoneridge Inv. Partners, LLC v. Sci.-Atlanta* for the elements of the causes of action pleaded (Mot. at 8), but they misleadingly excise the first part of the very sentence they quote: “In a typical *§ 10(b) private action* a plaintiff must prove . . . .” 552 U.S. 148, 157 (2008) (emphasis added). In fact, in that same opinion, the Supreme Court explicitly stated that the SEC could bring enforcement action in situations where a private litigant could not successfully sue. *Id.*, 552 U.S. at 161 (“It is true that if business operations are used, as alleged here, to affect securities markets, the SEC enforcement power may reach the culpable actors”).

The reason the SEC need not allege reliance or damages is because, “[u]nlike a private litigant, the Commission does not sue *under* section 10(b). Rather, the Commission has express authority to *enforce* section 10(b) and the other provisions of the 1934 Act pursuant to section 21 of that Act.” *SEC v. Rind*, 991 F.2d 1486, 1490 (9th Cir. 1993) (citing 15 U.S.C. § 78u) (emphasis added). Consequently, in enforcing the antifraud provisions of the federal securities laws, the SEC need only plead those elements contained in the applicable regulation or statute. “The reliance requirement is not found in Rule 10b–5 itself; it is one of the judicially created elements of and limitations on a private 10b–5 action.” *SEC v. Rana Research*, 8 F.3d 1358, 1364 (9th Cir. 1993). “These requirements are largely directed toward identifying who has standing to enforce the antifraud laws. But where the SEC is concerned, that matter is settled: Congress designated the SEC as the primary enforcement agency for the securities laws.” *Id*. The SEC need not allege or prove reliance, damages, or causation, elements added by the judiciary as limitations on the implied private right of action under Section 10(b).

“[T]he Commission, unlike private parties, need not show reliance in its enforcement actions.” *Lorenzo v. SEC*, 139 S. Ct. 1094, 1104 (2019). *Lorenzo*

confirms binding Circuit authority likewise holding that "reliance is not an element of a Rule 10b-5 violation by misrepresentation; rather, it is an element of a private cause of action for damages implied thereunder." *Rana*, 8 F.3d at 1364. Citing *Rana*, every subsequent case in the Ninth Circuit to deal with this issue has consistently found that reliance is not an element of an SEC action to enforce the antifraud provisions of the Securities Act or Exchange Act. In fact, in *SEC v. Chen*, the Court criticized the contention that the SEC must show reliance as having "no support in law." No. CV 15-7425-RGK (PLAx), 2016 WL 7469683, at *9 (C.D. Cal. Dec. 8, 2016). *See also, e.g., SEC v. Dropil, Inc.*, No. CV 8:20-793-SBD (FMx), 2020 WL 7348021, at *5 (C.D. Cal. Oct. 23, 2020) ("In sum, the SEC is not required to plead reliance in this enforcement action, brought under Section 10(b) of the Exchange Act or Rule 10(b)(5)"); *SEC v. Currency Trading Int'l, Inc.*, No. CV 02-5143PA, 2004 WL 2753128, at *6, *12 (C.D. Cal. Feb. 2, 2004) ("Neither injury nor actual or justifiable reliance are elements of an SEC claim"); *SEC v. AirTrac*, No. CV 06-6582-JVS (RNBx), 2008 WL 11334597, at *5 (C.D. Cal. Jan. 2, 2008) ("in an enforcement action brought by the SEC seeking injunctive relief or disgorgement of profits, the SEC is not required to prove reliance or injury"); *SEC v. Safevest LLC*, No. CV 08-473-JVS (MLGx), 2008 WL 11339126, at *2 (C.D. Cal. Sept. 2, 2008) (same).

Like reliance, damages is not an element of an SEC claim under the antifraud provisions. *See Rana*, 8 F.3d at 1363 n. 4 (9th Cir. 1993) (injury is not an element of a claim for violation of Section 10(b) of the Exchange Act in enforcement actions brought by the SEC); *SEC v. Schooler*, No. 3:12-CV-2164-GPC, 2015 WL 3491903, at *6 (S.D. Cal. June 3, 2015) (the SEC need not prove damages in enforcing the anti-fraud provision of the Exchange Act) (citing *SEC v. Credit Bancorp, Ltd.*, 195 F.Supp.2d 475, 490–91 (S.D.N.Y.2002)), *aff'd*, 905 F.3d 1107 (9th Cir. 2018). The same is true for causation. *See Gebhart*, 595 F.3d at 1041 n.8 (loss causation not an element of a claim to enforce Exchange Act

Section 10(b) brought by the SEC); *SEC v. Kelly*, 663 F. Supp. 2d 276, 284 (S.D.N.Y. 2009) ("Further, unlike a private plaintiff, the SEC need not allege or prove reliance, causation, or damages in an action under Section 10(b) or Rule 10b–5.").

Finally, just as reliance, damages, and causation are not elements of the SEC's claims under Exchange Act Section 10(b), they are not elements of the SEC's claims under Securities Act Section 17(a). "[N]o private right of action lies under [Securities Act] section 17(a)." *In re Washington Pub. Power Supply Sys. Sec. Litig.*, 823 F.2d 1349, 1358 (9th Cir. 1987). With no private right of action, there is no judicially-imposed elements, such as reliance, damages, or causation, to impose on the SEC's claim enforcing Securities Act Section 17(a). *See, e.g.*, *SEC v. Dropil, Inc.*, No. 8:20-CV-00793 (SBD), 2020 WL 7348021, at *5 (C.D. Cal. Oct. 23, 2020) (No "viable argument to suggest that reliance must be pleaded under Section 17(a) of the Securities Act."); *SEC v. Wolfson*, 539 F.3d 1249, 1260 (10th Cir. 2008) ("As under § 10(b), the Commission need not prove reliance in a civil enforcement action under § 17(a).").

**2. Investor identity is not an elements of the SEC's claims**

The SEC asserts two causes of action against Defendants, violation of Section 10(b) of the Exchange Act, and Rule 10b-5 thereunder, and violation of Section 17(a) of the Securities Act. These sections expressly prohibit misrepresentations and omissions of material fact as well as any manipulative or deceptive devices or conduct which operate as a fraud or deceit upon investors. *See* 15 U.S.C. § 77q(a); 15 U.S.C. § 78j(b); 17 C.F.R. § 240.10b–5. Section 17(a) of the Securities Act prohibits fraud in the offer or sale of securities; Section 10(b) of the Exchange Act and Rule 10b–5 thereunder prohibit fraud in connection with the purchase or sale of securities.

In order to state a claim under these provisions, the SEC must allege facts showing that the defendant made: "(1) a material misstatement or omission (2) in

connection with the offer or sale of a security (3) by means of interstate commerce." *SEC v. Phan*, 500 F.3d 895, 907–08 (9th Cir. 2007). Violations of Section 17(a)(1), Section 10(b) and Rule 10b–5 require scienter. *Id*. Violations of Sections 17(a)(2) and (3) require a showing of negligence. *Id*.

Defendant argues that the complaint's allegations of fraud are insufficient because the complaint does not identify the investors to whom Defendant made the misrepresentations. Mot. at 11-13. Defendants' argument seems to be that the alleged fraudulent conduct must be tied back to specific investors or groups of investors and to the amount raised from those investors. *Id*. Defendants cite no authority for the proposition that the SEC must identify specific investors in the complaint. Nor will they find any.

The SEC is not required to identify specific investors because to do so would be to impose a reliance requirement on SEC enforcement action where there is none. *See* Section II.B.1, *supra*. "The SEC does not have to plead reliance in an action seeking injunctive relief for alleged violations of Section 10(b) and Rule 10b–5. Therefore, the SEC does not have to identify individual investors who relied upon the alleged misrepresentations or omissions; it just has to allege that a reasonable investor would consider the fact important in making an investment decision." *SEC v. Trabulse*, 526 F. Supp. 2d 1001, 1005–06 (N.D. Cal. 2007) (citing *Rana*, 8 F.3d at 1363).

Nor does Rule 9(b) require the Complaint to identify specific investors. "Rule 9(b) does not require the SEC to identify all involved individuals or the exact details of every alleged transaction[.]" *SEC v. Sztrom*, 538 F. Supp. 3d 1050, 1057 (S.D. Cal. 2021). Rather, "the SEC meets its pleading burden by providing details that are 'specific enough to give defendants notice of the particular misconduct . . . so that they can defend against the charge and not just deny that they have done anything wrong.'" *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1124 (9th Cir. 2009) (quoting *Bly–Magee v. California*, 236 F.3d 1014, 1019 (9th Cir.

2001)).

Consequently, Defendants' argument about the alleged failure to identify specific investors itself fails as a basis for dismissal of the complaint.

**C. Defendants mistakenly apply the Private Securities Litigation Reform Act to an SEC enforcement action**

Defendants invoke the Private Securities Litigation Reform Act ("PSLRA") to argue that the SEC faces a heightened pleading burden under that law. Mot. at 9-11. Defendants are wrong. The PSLRA applies only to private securities plaintiffs, does not apply to the SEC, and did not alter the pleading standard for SEC enforcement actions. The SEC need only satisfy the original Rule 8(a) and Rule 9(b) pleading standard for scienter. *See, e.g., Sztrom*, 538 F. Supp. 3d at 1059 n.4 ("because the '[PSLRA] does not apply [to SEC actions], the allegations must only pass muster under Fed. R. Civ. P. 9(b) . . . Scienter may be, and has been, averred generally.") (citing *SEC v. Small Cap Rsch. Grp., Inc*., 226 F. App'x 656, 657 (9th Cir. 2007); *SEC v. Berry*, 580 F. Supp. 2d 911, 920-21 (N.D. Cal. 2008) (noting that heightened pleading standard for scienter under the PSLRA does not apply to actions brought by the SEC).

**D. Bhakta and Fusion's fraud is alleged with specificity**

Defendants make a grab bag of additional arguments based on an alleged lack of specificity. Mot. at 13-14. These arguments boil down to a handful of alleged misstatements which, Defendants contend, are insufficiently stated without the specific means or date of transmission. *Id*. These arguments also fail. Rule 9(b) does not require that every incident of a fraud be alleged with every possible detail imaginable. Although "some cases hold that a plaintiff must identify the "who, what, when, where and how" of the alleged fraud, these cases do not articulate a rigid checklist." *Dreamstone Entm't v. Maysalward Inc.*, No. 2:14-cv-02063-CAS (SSx), 2014 U.S. Dist. LEXIS 116977, at *8-9 (C.D. Cal. June 11, 2014) (*citing U.S. ex. rel Grubbs v. Kanneganti*, 565 F.3d 180, 190 (5th Cir. 2009) ("the time,

place, contents and identity standard is not a straightjacket for Rule 9(b).”)). Instead, Rule 9(b) “is context specific and flexible….” *Id.* Indeed, “the pleading of detailed evidentiary matter is unreasonable at this early stage,” and an allegation of a “particular time frame” suffices as to when the deceptive acts were performed. *SEC v. U.S. Environmental, Inc.*, 82 F. Supp. 2d 237, 240 (S.D.N.Y. 2000); *United States v. MyLife.com, Inc.*, 499 F. Supp. 3d 757, 761 (C.D. Cal. Nov. 6, 2020) (to satisfy Rule 9(b), “a complaint need not allege a precise time frame, describe in detail a single specific transaction or identify the precise method used to carry out the fraud” (*citing United States v. United Healthcare Ins. Co.*, 848 F.3d 1161, 1180 (9th Cir. 2016) (internal quotation marks omitted)).

Particularity is satisfied where there “are specific factual allegations, restricted to a particular time period, regarding alleged misrepresentations in [specific documents].” *Facciola v. Greenberg Traurig, LLP*, 781 F. Supp. 2d 913, 920 (D. Ariz. 2011), *aff’d,* 593 F. App’x 723 (9th Cir. 2015). Here, the complaint provides enough details about each specific misrepresentation such that Defendants can respond. For example, Defendants argue that the allegation at paragraph 45 is insufficiently specific because the specific means of transmission of the misstatement of the internet is not alleged. Mot. at 13. However, the Complaint provides abundant context for that misrepresentation, including summaries of the document’s contents and specific language quoted from the document. Compl. ⁋⁋ 45-51. The same is true with respect to Defendants’ arguments as to the allegations at paragraphs 58 (containing specific terms of the fabricated contract) and 67 of the complaint (summarizing alleged misstatements contained in solicitation brochure, including that it contained fabricated financial statements purporting to show Fusion’s financial performance dating back to 2011). This is sufficient to put Defendants on notice of the alleged misstatements so that they may prepare a response. *Sztrom*, 538 F. Supp. 3d at 1058.

Moreover, the Rule 9(b) pleading standard is “relaxed” for fraudulent or

manipulative scheme claims such as the ones the SEC alleges here. *ScripsAmerica, Inc. v. Ironridge Global LLC*, 119 F. Supp. 3d 1213, 1239 (C.D. Cal. 2015). This is because the Rule 9(b) standard that the defendants cite here, which asks a plaintiff to identify the misstatement, who made the misstatement, and when the misstatement was made, is "inappropriate" in a scheme to defraud case because "such claims do not necessarily involve [only] affirmative misrepresentations." *SEC v. U.S. Environmental, Inc.*, 82 F. Supp. 2d 237, 240 (S.D.N.Y. 2000).

Claims of fraudulent schemes or manipulation often "involve facts solely within the defendant's knowledge; therefore, at the early stages of litigation, the plaintiff need not plead manipulation to the same degree of specificity as a plain misrepresentation claim." *ATSI Communications, Inc. v. The Shaar Fund, Ltd.*, 493 F.3d 87, 102 (2d Cir. 2007); *see also Anschutz Corp. v. Merrill Lynch & Co. Inc.*, 785 F. Supp. 2d 799, 811 (N.D. Cal. 2011)(describing pleading burden as "somewhat relaxed"); *Louisiana Pac. Corp. v. Money Mkt. 1 Institutional Inv. Dealer*, 2011 U.S. Dist. Lexis 32414, at *14 (N.D. Cal. Mar. 28, 2011) (similar); *In re Bank of America Corp.*, 2011 U.S. Dist. Lexis 18208, at *19 (N.D. Cal. Feb. 24, 2011)(similar). Therefore, a complaint sufficiently pleads scheme liability under Rule 9(b) if it alleges "the nature, purpose, and effect of the fraudulent conduct and the roles of the defendants." *ATSI Communications*, 493 F.3d at 102. The SEC's Complaint meets this standard and provides ample detail for Defendants to prepare a responsive pleading. The Complaint alleges specific misrepresentations, but also a larger scheme in which Bhakta and Fusion defrauded investors for years on end with a completely fabricated business. *See, e.g.*, Compl. ⁋⁋ 2, 3, 37-42, 72-75.

The SEC has pleaded detailed allegations of the Defendants' alleged fraudulent scheme to mislead and deceive investors and potential investors by lying that Fusion had a profitable track record of buying large hotel room block and selling them to corporate clients, fabricating contracts and bank statements to reflect Fusion's supposedly profitable ongoing business, and lying that Fusion

would use the funds to purchase hotel room blocks for resale. *Id*. ¶¶ 43, 45-47, 49, 52, 58, 60, 64-69, 72-74, 87. The Complaint explains how these lies misled and deceived investors. *Id*. ¶¶ 44, 49-51, 53, 59, 62,66, 68, 71, 75, 88-92. The complaint provides several specific examples of alleged communications and forged documents in which Defendants made misrepresentations and omissions, including examples with the exact name of the documents. This is sufficient to allow Defendants, who have more information about these misrepresentations than any other party, to investigate and respond. "These allegations are sufficient to give Defendants notice of the particular misconduct alleged so that they may prepare an answer and defend against the charges." *SEC v. Sztrom*, 538 F. Supp. 3d 1050, 1058 (S.D. Cal. 2021).

## IV. CONCLUSION

For the foregoing reasons, the SEC respectfully requests that the Court deny Defendants' motion to dismiss. In the event the Court grants the motion, the SEC requests leave to file an amended complaint.

Dated: March 22, 2022

Respectfully submitted,

*/s/ Daniel O. Blau*

Daniel O. Blau
M. Lance Jasper
Attorneys for Plaintiff
Securities and Exchange Commission