John D. Kirby (CSB 149496)
THE LAW OFFICES OF JOHN KIRBY, A.P.C.
401 West A Street, Suite 1150
San Diego, CA 92101
Telephone: (619) 557-0100

Khodadad D. Sharif, State Bar No. 187992
Matthew J. Faust, State Bar No. 254145
Yasaman Sharif, State Bar No. 298318
SHARIF | FAUST LAWYERS, LTD.
600 B Street, Suite 2490
San Diego, CA  92101
Telephone: (619) 233-6600
Facsimile: (619) 233-6602

Attorneys for Defendants Fusion Hotel Management LLC,
Fusion Hospitality Corporation, and Denny T. Bhakta

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>vs.<br><br>FUSION HOTEL MANAGEMENT LLC, FUSION HOSPITALITY CORPORATION, AND DENNY T. BHAKTA,<br><br>Defendants | Case No.: 3:21-cv-02085-L-MSB<br><br>REPLY IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS COMPLAINT FILED BY PLAINTIFF<br><br>Judge:            Hon. M. James Lorenz<br>Magistrate Judge:  Hon. Michael S. Berg<br>Hearing Date:     April 5, 2022<br>Hearing Time:     10:30 a.m.<br><br>Pursuant to local rules, no oral argument unless requested by the Court. |

/ / /

# **INTRODUCTION**

The Securities and Exchange Commission ("SEC") failed to meet its pleading burden by providing facts and details in a clear and organized manner and style that are specific enough to provide adequate notice of the alleged wrongdoings so that Defendants Fusion Hotel Management LLC, Fusion Hospitality Corporation, and Denny T. Bhakta ("Defendants") can respond to such allegations in the Complaint. Although the SEC alleges that Defendants engaged in a sophisticated fraudulent scheme that allegedly ran for at least four years, raising over $15 million from more than 40 investors, it does not believe it has an obligation to provide sufficient details and facts in an organized and clear manner that would allow Defendants to discern the claims against them and to match each fact with the other related and corresponding facts alleged elsewhere in the Complaint.

The SEC claims that Rule 9(b)'s well-established heightened pleading requirements applicable to claims grounded in fraud is "relaxed" for the SEC, which leaves Defendants with no option other than guessing the extent and nature of the claims against them. The SEC claims that it is not required to allege all specific facts as to what, when, where, and how the alleged false representations were made to each specific investor, or at least to each specific group of investors to whom same sets of facts apply, as this is not a rigid list. They allege Rule 9(b) "is context specific and flexible." Assuming the SEC's contentions are true—which they are not—in this context, Defendants have a puzzle-style Complaint in front of them with facts alleged in a confusing and disorganized manner and scattered throughout the Complaint, without sufficient facts and details to sort out the alleged

wrongdoings and match them with the corresponding facts and investors.

There is not a single instance in the Complaint where the SEC properly identified an investor, or at the very least a group or a category of investors in same or similar circumstances to whom same fact patterns satisfying the burden of pleading a fraud claim applies. The Complaint fails to specifically and clearly allege what, when, where, and how the alleged misrepresentations were made to a group or a category of investors. The SEC made allegations such as "Fusion raised at least $2,500,000 from at least 3 investors through the sale of Stock Certificates" and "Bhakta also further represented to investors that, if the room block purchased by Fusion failed to sell, Fusion's bond would repay them their investment," without providing additional details and facts enabling Defendants to respond to such allegations or to match them with the corresponding allegations pleaded elsewhere in the Complaint. (Compl. ¶ 36, 74.)

Notably, in many instances, the Complaint does not sufficiently plead the specific means of transmission of the alleged misstatements "by means of interstate commerce."

The Complaint is cursory and confusing. The requisite elements are general, vague, and conclusory. So long as the Complaint is devoid of specific facts and is written in a puzzle style, Defendants cannot be expected to discern the claims against them and respond to all allegations within the Complaint. Thus, the Complaint fails to state facts sufficient to constitute the two securities fraud claims for relief. Accordingly, the Court should grant this Motion by dismissing the Complaint in its entirety.

# ARGUMENT

## I. THE COURT SHOULD DISMISS THE COMPLAINT BECAUSE IT FAILS TO SUFFICIENTLY PLEAD SECURITIES FRAUD CLAIMS.

The Court should grant the Motion for the following reasons: First, the Complaint does not allege sufficient facts showing "by means of interstate commerce." Second, the Complaint does not meet the pleading requirements of Rule 9(b) or Rule (8). Lastly, the Complaint does not allege sufficient facts so that Defendants can discern who the unnamed investors are.

### A. The Complaint Does Not Allege Sufficient Facts Showing "By Means of Interstate Commerce."

Contrary to the SEC's contentions, the Complaint does not sufficiently plead the specific means of transmission of the alleged misstatements. One of the elements of the fraud claims is making a material misstatement "by means of interstate commerce." *SEC v. Phan*, 500 F. 3d 895, 908 (9th Cir. 2007). For instance, the Complaint alleges "[t]owards the end of 2018, Bhakta sent one investor a spreadsheet titled "market segmentation." (Compl. ¶ 67). It lacks any information on how the means of interstate commerce was utilized in making the alleged misstatement. Paragraphs 45, 58, 63, and 69 are defective and fail for the same reason. Hence, the Complaint failed to allege with requisite particularity the fraud claims so that Defendants have proper notice to respond to the allegations. Accordingly, the Court should grant this Motion.

### B. The Complaint Does Not Meet the Requirements of Rule 8 or 9(b).

Contrary to the SEC's allegations, its fraud claims failed to meet the heightened

requirements of Rule 9(b) or even the simplicity, directness, and clarity of Rule 8. "Even though the PSLRA does not apply to actions brought by the SEC, the SEC is subject to Rule 9(b)." *SEC v. Jammin Java Corp.,* 2016 U.S. Dist. LEXIS 184773, *70 (quoting *S.E.C. v. Collins & Aikman Corp.,* 524 F. Supp. 2d 477, 487-488 (S.D.N.Y. 2007)). For the claims based in fraud, the SEC must allege the "who, what, where, when, and how" of the fraudulent conduct. *SEC v. Berry,* 580 F. Supp. 2d 911, 920 (2008)(citing *Vess v. Ciba-Geigy Corp.,* 317 F. 3d 1097, 1106 (9th Cir. 2003); *also see SEC v. Drake*, 2017 U.S. Dist. LEXIS 208662 *13 (holding that SEC is required to "identify the who, what, when, where and how of the misconduct charged, as well as what is false or misleading about the purportedly fraudulent conduct, and why it is false."(quotations omitted.)

Rule 9(b) requires that "when averments of fraud are made, the circumstances constituting the alleged fraud 'be specific enough to give defendants notice of the particular misconduct . . . so that they can defend against the charge and not just deny that they have done anything wrong.'" *Vess*, 317 F. 3d at 1106. "In a securities fraud action, a pleading is sufficient under Rule 9(b) if it identifies the circumstances of the alleged fraud so that the defendant can prepare an adequate answer." *Fecht v. Price Co.*, 70 F.3d 1078, 1082 (9th Cir. 1995). This requirement is satisfied by allegations of the "time, place and nature of the alleged fraudulent activities." *Walling v. Beverly Enters.*, 476 F.2d 393, 397 (9th Cir. 1973).

In their opposition, the SEC argues that the particularity required under Rule 9(b) does not apply to the SEC, that only a relaxed form applies to them, and that the list of what, when, who, and where is not rigid. Nevertheless, the SEC does concede that proper notice

should be given so that Defendants can respond to the allegation. However, such proper notice has not been given and Defendants cannot be reasonably expected to respond to the confusing and insufficient allegations pleaded in a disorganized and puzzle style manner.

As quoted in the SEC's opposition, "the heightened pleading standard of Rule 9(b) is not an invitation to disregard the requirement of simplicity, directness and clarity of Fed. R. Civ. P. 8." *Wenger v. Lumisys, Inc.,* 2 F. Supp. 2d 1231, 1239 (N.D. Cal. 1998). "A complaint can be long-winded, even prolix, without pleading with particularity." *Wenger*, 2 F. Supp. 2d at 1244 quoting *Williams v. WMX Technologies, Inc.*, 112 F. 3d 175, 178 (5th Cir.). "Something labeled a complaint but . . . prolix in evidentiary detail, yet without simplicity, conciseness and clarity as to whom plaintiffs are suing for what wrongs, fails to perform the essential functions of a complaint," and "impose[s] unfair burdens on litigants and judges." *McHenry v. Renne*, 84 F.3d 1172, 1177, 1178-80 (9th Cir. 1996). "In the context of securities class action complaints, courts have repeatedly lamented plaintiffs' counsels' tendency to place 'the burden [ ] on the reader to sort out the statements and match them with the corresponding adverse facts to solve the puzzle of interpreting Plaintiffs' claims.'" *In re Oak Tech. Sec. Litig.*, 1997 U.S. Dist. LEXIS 18503 *13-14. "These 'puzzle-style' complaints are an 'unwelcome and wholly unnecessary strain on defendants and the court system.'" *Wenger*, 2 F. Supp. 2d at 1244 quoting *In re GlenFed, Inc.Sec. Litig.*, 42 F. 3d 1541, 1554 (9th Cir. 1995).

Notably, in *SEC v. Jammin Java Corp.,* the Court compared holdings from two cases, in one of which specific facts had been pleaded, and in the other specific facts had not been

pleaded. 2016 U.S. Dist. LEXIS 184773 *72-73. The Court in *Jammin* explained that in *ELH Consulting, LLC,* the FTC had met the pleading standard of Rule 9(b) as the 22-page complaint identified all defendants, categorized them based on their function in the scheme, and included specific representations made by them. *Id.* citing *F.T.C. v. ELH Consulting, LLC,* 2013 U.S. Dist. LEXIS 126110 (D. Ariz. 2013). In *ELH Consulting,* the complaint pleaded sufficient facts as to what, how, who, and where. *Id.* In contrast, the plaintiff in *Corinthian Colleges* failed to statisfy the requirements of Rule 9(b) as to individuals involved in the scheme because the complaint "provided no additional detail as to the nature of the Individual Defendants' involvement in the fraudulent acts, but simply attributed wholesale all of the allegations to all individual defendants." *Jammin Java Corp,* 2016 U.S. Dist. LEXIS at *72-73 quoting *United States v. Corinthian Colleges*, 655 F. 3d 984, 998 (2011).

    In the present case, the SEC's pleading of its facts lacks the required particularity, simplicity, and clarity required by Rule 9(b) and Rule 8. Although it is not replete with facts—indeed, it lacks the required specificity—the Complaint was also drafted in a puzzle style where Defendants cannot reasonably be expected to sort out the alleged wrongdoings and match them with the corresponding facts, dates, and investors. For instance, in paragraph 74, the SEC alleges that "Bhakta also further represented to investors that, if the room block purchased by Fusion failed to sell, Fusion's bond sould repay them their investment." There is no indication who these investors are and when and where and how such alleged representations were made. Defendants cannot be expected to understand from reading the

Complaint specific facts as to when, what, where, and to whom wrongful acts happened. Defendants are unable to discern who the investors are and what, when, how, and where the alleged misrepresentations were made to each investor or each category of investors. Accordingly, the Court should grant this Motion.

  **C. The Complaint Does Not Provide Sufficient Facts to Allow Defendants Discern Who the Investors Are.**

  Notably, the SEC is mistaken in alleging that it has no obligation to identify the investors, or place them in specific categories to whom same fact patterns satisfying all elements of the fraud claims apply, or provide sufficient facts so that Defendants can discern who they are. The SEC cites to *SEC v. Sztrom,* where the Court held "Rule 9(b) does not require the SEC to identify all involved individuals or the exact details of every alleged transaction [.]" 2021 U.S. Dist. LEXIS 89891 *9-10 (S.D. Cal. 2021.) The Court in *Sztrom* emphasized that "the SEC meets its pleading burden by providing details that are specific enough to give defendants notice of the particular misconduct . . . so that they can defend against the charge and not just deny that they have done anything wrong." *Id.* (Internal quotation omitted.) The Court in *Sztrom* then cited as an example to the Court's finding in *In SEC v. Drake.* The Court in *Drake* held "the complaint provides ample details that allow [defendant] to discern who the unnamed individuals are." 2017 U.S. Dist. LEXIS 208662 *14. In *Drake*, the Court made such a ruling based on the following allegations pleaded in the complaint: "(1) the Clients trusted [defendant] to manage more than $35 million; (2) the Clients are married, and one is a high-profile professional athlete; (3) Ms. A used interpreters

to communicate with [defendant]; and (4) [defendant] sent Ms. A an email on July 4, 2016 confessing that he misled the Clients." *Id.* at * 15. The Court in *Sztrom* then continued to explain that "[t]his is expecially the case when, as here, the omitted facts regarding Sztrom client communications and transactions are in the possession of Defendants." 2021 U.S. Dist. LEXIS 89891 * 9-10. "Rule 9(b) does not require plaintiffs in a securities fraud case to allege facts that are in the sole possession of the defendants." *Sztrom,* 2021 U.S. Dist. LEXIS 8991 *10 quoting *S.E.C. v. Kara*, 2009 U.S. Dist. LEXIS 97593 *3 (N.D. Cal. 2009).

  In the present case, contrary to the SEC's allegations, it should possess the missing information related to the identities of the investors and the missing information enabling Defendants to match the allegations with corresponding allegations alleged elsewhere in the Complaint. Defendants do not contend that the SEC failed to add facts and details that are solely in the possession of Defendants, but such facts and details that should be in the possession of the SEC and based on which the SEC instituted this action. For instance, the SEC alleges "Fusion raised at least $2,500,000 from at least 3 investors through the sale of Stock Certificates." (Compl. ¶ 36). It is not clear from the Complaint, (1) who the "at least three investors" are; (2) what, when, where, and how misrepresentations were made to them; and (3) if the $2,500,000 is the total amount of damages suffered by them, or if they are amongst the investors to whom according to the Complaint some or all their funds were returned. There are misrepresentations and certain dates alleged elsewhere in the Complaint; however, due to the puzzle style nature of the Complaint, Defendants cannot match the allegation regarding the three investors with the corresponding allegations

elsewhere in the Complaint and the allegations do not enable Defendants to discern the identities of these three investors.

Similarly, the SEC failed to allege additional facts as to the other allegations contained in the Complaint and/or organize the Complaint in a manner enabling Defendants to discern the claims and to match each allegation with corresponding allegations. For instance, the Complaint alleges that "Bhakta also further represented to investors that, if the room block purchased by Fusion failed to sell, Fusion's bond would repay them their investment. (Compl. ¶ 74.) Defendants cannot be expected to guess when, where, and to who this statement was made. This statement does not provide sufficient facts enabling Defendants to discern the identities of such investors.

Hence, the Complaint failed to allege with requisite particularity the fraud claims so that Defendants have proper notice to respond to the allegations. Accordingly, the Court should grant this Motion.

## CONCLUSION

For the foregoing reasons, the Court should grant this Motion by dismissing the Complaint, in its entirety.

THE LAW OFFICE OF JOHN KIRBY

Dated: March 29, 2022         BY:     /s/ John D. Kirby
                                      John D. Kirby, Esq.
                                  Attorneys for Defendants
                               Fusion Hotel Management LLC,
                             Fusion Hospitality Corporation, and
                                      Denny T. Bhakta

|   |   |   |   |
|---|---|---|---|
|   |   |   | SHARIF | FAUST LAWYERS, LTD. |
| Dated: | March 29, 2022 | BY: | /s/ Matthew J. Faust |
|   |   |   | Matthew J. Faust, Esq. |
|   |   |   | Yasaman Sharif, Esq. |
|   |   |   | Attorneys for Defendants Fusion Hotel Management LLC, Fusion Hospitality Corporation, and Denny T. Bhakta |

## **SIGNATURE CERTIFICATION**

Pursuant to Section 2(f)(4) of the Electronic Case Filing Administrative Policies and Procedures Manual, I, Matthew J. Faust, hereby certify the content of this document is acceptable to Attorney John D. Kirby, the co-counsel for Defendants, and that I have obtained his authorization to affix his electronic signature to this document.

SHARIF | FAUST LAWYERS, LTD.

Dated: March 29, 2022   BY:   /s/ Matthew J. Faust
Matthew J. Faust
Attorneys for Defendants
Fusion Hotel Management LLC,
Fusion Hospitality Corporation, and
Denny T. Bhakta