UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>                    Plaintiff,<br><br>   vs.<br><br>FUSION HOTEL MANAGEMENT LLC, et al.,<br><br>                    Defendants. | Case No.  3:21-cv-02085-L-MSB<br><br>**ORDER GRANTING IN PART AND DENYING IN PART THE GOVERNMENT'S MOTION TO INTERVENE AND STAY**<br><br>[ECF No. 28] |

In this enforcement action filed by the United States Securities and Exchange Commission ("SEC" or "Commission"), the United States ("Government") filed a motion to intervene and stay proceedings pending resolution of a parallel criminal case. (ECF No. 28.)  No oppositions have been filed.  The Court decides the matter on the papers submitted and without oral argument. *See* Civ. L. R. 7.1(d.1).  For the reasons stated below, the Government's motion is granted in part and denied in part.

The SEC filed this action against Defendants Fusion Hotel Management LLC ("FHM"), Fusion Hospitality Corporation ("FHC," FHM and FHC collectively, "Fusion"), and Denny T. Bhakta ("Bhakta").  According to the Complaint, Bhakta raised over $15 million from more than 40 investors by selling "Capital Notes" issued by FHM and/or FHC, and "Stock Certificates" issued by FHC andtelling prospective

1

investors that Fusion was in the business of acquiring blocks of hotel room reservations at wholesale from a major hotel chain and selling them to Fusion's airline clients at a profit. More specifically, Bhakta represented that Fusion had a successful track record, used its relationships with hotel chains and airlines to generate high returns for Fusion investors, and that investments were secured by surety bonds and insurance.

The SEC contends that these representations were false. The SEC alleges that Fusion had no business relationships or clients to purchase or sell blocks of hotel room reservations, did not buy, or sell, any hotel room reservations, and had no insurance to secure the investments. Instead, Bhakta used substantial amounts of investor funds for personal expenses, including millions of dollars lost to gambling, and payments to earlier investors in the manner of a Ponzi scheme. Eventually the scheme failed, leaving the investors with substantial losses.

Based on the foregoing, the SEC filed this action alleging fraud in connection with the purchase or sale of securities in violation of Section 10(b) of the Securities and Exchange Act of 1934 (the "1934 Act"), and Rule 10b-5 promulgated thereunder, as well as fraud in the offer or sale of securities in violation of Section 17(a) of the Securities Act of 1933 (the "1933 Act"). The SEC seeks injunctive relief barring Defendants from further violations, professional bars, disgorgement of unlawful gains, and civil penalties.

At approximately the same time the Complaint was filed, the Government indicted Bakhta in a case also pending in this District, *United States v. Denny Bakhta*, case no. 21-cr-3352-JLS. Based on the scheme alleged in this action, the Government charged Bakhta with one count of securities fraud in violation of 15 U.S.C. §§ 78j, 78ff, and 17 C.F.R. § 140.10b-5, and one count of money laundering in violation of 18 U.S.C. § 1957. The Government is also seeking criminal forfeiture pursuant to 18 U.S.C. §§ 982(a)(1) & (b), and 28 U.S.C. § 2461(c).

/ / / / /

The Government moves to intervene in this action to request a stay pending resolution of the criminal case. "On timely motion, the court may permit anyone to intervene who: [¶] has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. Proc. 24(b)(1). "In exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." *Id*. 24(b)(3). Accordingly,

> An applicant who seeks permissive intervention must prove that it meets three threshold requirements: (1) it shares a common question of law or fact with the main action; (2) its motion is timely; and (3) the court has an independent basis for jurisdiction over the applicant's claims. Even if an applicant satisfies those threshold requirements, the district court has discretion to deny permissive intervention. In exercising its discretion, the district court must consider whether intervention will unduly delay the main action or will unfairly prejudice the existing parties.

*Donnelly v. Glickman*, 159 F.3d 405, 412 (9th Cir. 1998). Although the movant bears the burden of showing that it meets these requirements, they are broadly interpreted in favor of intervention. *Smith v. Los Angeles Unif. Sch. Dist*., 830 F.3d 843, 853 (9th Cir. 2016).

The civil and criminal action arises from the same alleged wrongdoing, and both assert securities fraud based on the same allegations. The actions therefore share common questions of law and fact.

This action has not advanced much beyond the pleading stage as the pleadings have recently closed. (*See* ECF No. 20, Answer.) An early neutral evaluation conference was held on February 21, 2023. (ECF No. 25.) Because settlement discussions did not conclude at that time, the case management conference, where discovery and motion cut off dates will be set, has been scheduled for April 24, 2023. (*Id.*) Because this case is still at an early stage, the Government's motion is not untimely.

The Government does not directly address the issue whether intervention will unduly delay this action or prejudice its parties. As the Government seeks to

intervene for the sole purpose to request a stay, intervention will most likely delay this action. However, neither party has filed an opposition to contend that they would be prejudiced by the intervention or stay.

Accordingly, the Court turns to the Government's request to stay pending resolution of the criminal case to determine whether the resulting delay would be undue. The Court possesses inherent power to "control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). In this regard, the movant

> must make out a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay for which he prays will work damage to someone else. Only in rare circumstances will a litigant in one cause be compelled to stand aside while a litigant in another settles the rule of law that will define the rights of both.

*Id*. at 255. Even where the other action in all likelihood will settle many issues of law or fact and simplify the action sought to be stayed, the "burden of making out the justice and wisdom of a departure from the beaten track lay[s] heavily on the ... suppliants for relief, and discretion [is] abused if the stay [is] not kept within the bounds of moderation." *Id*. at 256. Accordingly, to warrant a stay of even modest duration, the moving party must "make out a clear case of hardship or inequity." *Id*. at 255.

These principles are not altered when the Government requests to stay a civil case based on the pendency of a parallel criminal case. *See Keating v. Office of Thrift Supervision,* 45 F3d 322, 324 (9th Cir. 1995). "In the absence of substantial prejudice to the rights of the parties involved, simultaneous parallel civil and criminal proceedings are unobjectionable under our jurisprudence." *Id.*

As no opposition has been filed by the SEC or Bakhta, the Court considers the prejudice claimed by the Government. The Government argues that a defendant's discovery is more circumscribed in a criminal case than a civil case. *Cf.* 28 U.S.C. § 3500; Fed. R. Crim. Proc. 15(a), 16(a) *with* Fed. R. Civ. Proc. 26(b). As discovery is

4

about to commence in this case, the Government wishes to preclude Bakhta from using the broad scope of civil discovery to circumvent discovery limitations in the criminal case. The Government claims that premature exposure of sensitive investigative information through the civil discovery process would prejudice prosecution of the criminal case. Accordingly, the Government has made a sufficient showing prejudice in the absence of a stay.

The Government requests that the stay be open-ended pending the conclusion of the criminal case. The Government provides no indication as to the likely duration of stay. As is evident from the docket in the criminal case, discovery in the criminal case is ongoing, however, the motion hearing/trial setting date has been continued eight time since January 2022 by joint request. It is currently set for May 5, 2023. (Case no. 21cr3352 ECF No. 52; *see also id.* ECF Nos. 15, 24, 30, 34, 37, 42, 45.)

For the foregoing reasons, the Government's motion is granted in part and denied in part as follows:

1. The Government's motion to intervene in this action is granted.

2. The Government's request to stay this action is granted insofar as this action is stayed until May 22, 2023.

3. If the Government wishes to extend the stay, it must file, no later than May 17, 2023, a further motion together with a joint status report of all parties to this action. The joint status report shall address the duration of the criminal case and any prejudice from the stay.

**IT IS SO ORDERED.**

Dated: April 10, 2023

_____
Hon. M. James Lorenz
United States District Judge