RANDY S. GROSSMAN
United States Attorney
ERIC R. OLAH
California Bar No. 295513
Assistant United States Attorney
Office of the United States Attorney
880 Front Street, Room 6293
San Diego, CA 92101-8893
Tel.: 619-546-7540

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>FUSION HOTEL MANAGEMENT LLC, FUSION HOSPITALITY CORPORATION, DENNY T. BHAKTA,<br><br>　　　　　Defendants. | Case No. 21-CV-2085-L-MSB<br><br>**INTERVENOR UNITED STATES' MOTION TO EXTEND THE STAY UNTIL JANUARY 31, 2024, AND JOINT STATUS REPORT**<br><br>Date: June 19, 2023*<br>Time: 10:30 a.m.<br>Courtroom: 5B<br><br>*Pursuant to the Local Rules, there will be no oral argument unless requested by the Court.<br><br>**The Honorable M. James Lorenz** |

### THE UNITED STATES' MOTION TO EXTEND THE STAY

The United States, through its counsel, Randy S. Grossman, United States Attorney, and Eric R. Olah, Assistant United States Attorney, hereby moves to extend the stay of the proceedings in this civil case (the "SEC Case" or "this case") through January 31, 2024. As explained below, the parties in the parallel criminal case docketed at *United States v. Denny Bhakta*, No. 21-CR-3352-JLS (the "Criminal Case") recently apprised Judge Sammartino that they will be requesting, at a status hearing set for August 11, 2023, a jury trial be set for January 2024, and further that they anticipate the jury trial taking approximately two weeks.

## I. BACKGROUND

The United States previously filed a motion to intervene and a motion to stay. ECF No. 28. On April 10, 2023, the Court granted the motion to intervene and granted the motion to stay in part. ECF No. 29. Specifically, the Court granted the request to stay this case "insofar as this action is stayed until May 22, 2023." *Id.* at 5. The Court's order further directed:

> If the Government wishes to extend the stay, it must file, no later than May 17, 2023, a further motion together with a joint status report of all parties to this action. The joint status report shall address the duration of the criminal case and any prejudice from the stay.

*Id.*

## II. ARGUMENT

The United States' request for an extension of the stay is based on the same considerations stated in its prior motion for a stay (incorporated herein by reference) and in the Court's order granting the stay through May 22, 2023. ECF Nos. 28, 29. Notably, the Court's order observed and correctly concluded:

> As discovery is about to commence in this case, the Government wishes to preclude [Bhakta] from using the broad scope of civil discovery to circumvent discovery limitations in the criminal case. The Government claims that premature exposure of sensitive investigative information through the civil discovery process would prejudice prosecution of the criminal case. Accordingly, the Government has made a sufficient showing [of] prejudice in the absence of a stay.

ECF No. 29 at 4-5.

To the extent the prior motion sought an indefinite stay, the United States now seeks a stay only through January 31, 2024. Such a stay should permit the Criminal Case to proceed through trial. As noted above, the parties in the Criminal Case recently advised Judge Sammartino that they anticipate requesting that a jury trial be set to begin in January

2024, and the parties will be making that joint request at the status hearing set for August 11, 2023.

The United States does not believe the proposed stay will cause any prejudice to parties in the SEC Case. Plaintiffs commenced the SEC Case with the filing of the Complaint on December 14, 2021, and Defendants recently filed their Answer on January 3, 2023. *See* ECF Nos. 1, 20. Assuming the jury trial in the Criminal Case occurs as anticipated in January 2024, the proceedings in the SEC Case should resume approximately nine months from the date of this motion, 13 months from the filing of Defendant's answer, and 25 months from the filing of Plaintiff's Complaint.

The United States respectfully requests that the Court stay this case through January 31, 2024.

## JOINT STATUS REPORT

As noted above, the parties in the Criminal Case recently advised Judge Sammartino that they anticipate requesting a jury trial in the Criminal Case be set to begin in January 2024, and the parties will be making the joint request at the status hearing set for August 11, 2023. Assuming the jury trial commences and the jury returns a verdict in January 2024, the remaining duration of the Criminal Case is approximately nine months from the date of this motion and joint status report.

As to any prejudice to the parties in this case resulting from the proposed stay:

1. Intervenor United States does not believe any prejudice will result from the stay.

2. Plaintiff Securities and Exchange Commission ("SEC") states that, as a general matter, a stay of an enforcement action may result in prejudice to the SEC, given that witnesses' and parties' abilities to recall facts may decline as events become more remote in time. However, in this case and under these circumstances in which the criminal authorities are actively prosecuting the defendant for the conduct at issue in the SEC's enforcement action, it is the SEC's position that any potential prejudice due to a stay of this action is mitigated.

//

3

3. Defendant Denny T. Bhakta at this time does not oppose the motion for an extension of the stay of this case until January 31, 2024.

Finally, although not required by the Court's order, counsel for Defendant Bhakta in the Criminal Case advised that they do not take a position one way or the other on the proposed stay.

DATED: May 17, 2023                              Respectfully submitted,

RANDY S. GROSSMAN
United States Attorney

*/s/ Eric R. Olah*
ERIC R. OLAH
Assistant United States Attorney