UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>                Plaintiff,<br>vs.<br><br>FUSION HOTEL MANAGEMENT LLC, et al.,<br>                Defendants. | Case No.  3:21-cv-02085-L-MSB<br><br>**ORDER GRANTING THE GOVERNMENT'S MOTION TO EXTEND STAY**<br><br>[ECF No. 33] |

      In this enforcement action filed by the United States Securities and Exchange Commission ("SEC" or "Commission"), the United States ("Government") filed a motion to extend the stay of proceedings until January 31, 2024.  (ECF No. 33.)  No oppositions have been filed.  The Court decides the matter on the papers submitted and without oral argument.  *See* Civ. L. R. 7.1(d.1).  For the reasons stated below, the Government's motion is granted.

      The SEC filed this action against Defendants Fusion Hotel Management LLC ("FHM"), Fusion Hospitality Corporation ("FHC," FHM and FHC collectively, "Fusion"), and Denny T. Bhakta ("Bhakta").  According to the Complaint, Bhakta raised over $15 million from more than 40 investors by selling "Capital Notes" issued by FHM and/or FHC, and "Stock Certificates" issued by FHC based on

1

1 representations that Fusion was in the business of acquiring blocks of hotel room
2 reservations at wholesale from a major hotel chain and selling them to Fusion's
3 airline clients at a profit.  More specifically, Bhakta represented that Fusion had a
4 successful track record, used its relationships with hotel chains and airlines to
5 generate high returns for Fusion investors, and that investments were secured by
6 surety bonds and insurance.

7     The SEC contends that these representations were false.  It alleges that Fusion
8 had no business relationships or clients to purchase or sell blocks of hotel room
9 reservations, did not buy, or sell, any hotel room reservations, and had no insurance
10 to secure the investments.  Instead, Bhakta used substantial amounts of investor funds
11 for personal expenses, including millions of dollars lost to gambling, and payments to
12 earlier investors in the manner of a Ponzi scheme.  Eventually the scheme failed,
13 leaving the investors with substantial losses.

14     Based on the foregoing, the SEC filed this action alleging fraud in connection
15 with the purchase or sale of securities in violation of Section 10(b) of the Securities
16 and Exchange Act of 1934 (the "1934 Act"), and Rule 10b-5 promulgated thereunder,
17 as well as fraud in the offer or sale of securities in violation of Section 17(a) of the
18 Securities Act of 1933 (the "1933 Act").  The SEC seeks injunctive relief barring
19 Defendants from further violations and imposing professional bars, as well as
20 ordering civil penalties and disgorgement of unlawful gains.

21     At approximately the same time the Complaint was filed, the Government
22 indicted Bakhta in a case also pending in this District, *United States v. Denny Bakhta*,
23 case no. 21-cr-3352-JLS.  Based on the scheme alleged in this action, the
24 Government charged Bakhta with one count of securities fraud in violation of 15
25 U.S.C. §§ 78j, 78ff, and 17 C.F.R. § 140.10b-5, and one count of money laundering
26 in violation of 18 U.S.C. § 1957.  The Government is also seeking criminal forfeiture
27 pursuant to 18 U.S.C. §§ 982(a)(1) & (b), and 28 U.S.C. § 2461(c).
28 / / / / /

The Government filed a motion to intervene and stay this action pending resolution of the criminal case. (ECF No. 28.) The Court granted the motion to intervene and stayed this action until May 22, 2023, with leave to request an extension upon a proper showing. (ECF No. 29.) The Government now wishes to extend the stay until January 31, 2024, to allow the criminal case to go to trial, as the parties intend to request a trial date in January 2024.

The Court possesses inherent power to "control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). In this regard, the movant

> must make out a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay for which he prays will work damage to someone else. Only in rare circumstances will a litigant in one cause be compelled to stand aside while a litigant in another settles the rule of law that will define the rights of both.

*Id*. at 255. Even where the other action likely will settle many issues of law or fact and simplify the action sought to be stayed, the "burden of making out the justice and wisdom of a departure from the beaten track lay[s] heavily on the ... suppliants for relief, and discretion [is] abused if the stay [is] not kept within the bounds of moderation." *Id*. at 256. Accordingly, to warrant a stay of even modest duration, the moving party must "make out a clear case of hardship or inequity." *Id*. at 255.

These principles are not altered when the Government requests to stay a civil case based on the pendency of a parallel criminal case. *See Keating v. Office of Thrift Supervision,* 45 F3d 322, 324 (9th Cir. 1995). "In the absence of substantial prejudice to the rights of the parties involved, simultaneous parallel civil and criminal proceedings are unobjectionable under our jurisprudence." *Id.*

According to the Government, the SEC does not believe it will be prejudiced by the delay because the underlying misconduct charged in the criminal case and alleged in the civil case is the same. According to the Government, Bakhta has stated that he does not oppose the extension.

The Government has argued it will be prejudiced if the stay is not extended. A defendant's discovery is more circumscribed in a criminal case than a civil case. *Cf.* 28 U.S.C. § 3500; Fed. R. Crim. Proc. 15(a), 16(a) *with* Fed. R. Civ. Proc. 26(b). As discovery is about to commence in this case, the Government wishes to preclude Bakhta from using the broad scope of civil discovery to circumvent discovery limitations in the criminal case. The Government claims that premature exposure of sensitive investigative information through the civil discovery process would prejudice prosecution of the criminal case. Accordingly, the Government has made a sufficient showing prejudice in the absence of an extension until the anticipated trial in January 2024.

For the foregoing reasons, the Government's motion is granted. The stay of this action is extended until January 31, 2024.

**IT IS SO ORDERED.**

Dated: June 8, 2023

_____
Hon. M. James Lorenz
United States District Judge