# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>　　　　　　Plaintiff,<br>vs.<br><br>FUSION HOTEL MANAGEMENT LLC, et al.,<br>　　　　　　Defendants. | Case No.  3:21-cv-02085-L-MSB<br><br>**ORDER GRANTING THE GOVERNMENT'S MOTION TO EXTEND STAY**<br><br>[ECF No. 46] |

   In this enforcement action filed by the United States Securities and Exchange Commission ("SEC" or "Commission"), the United States ("Government") filed a motion to extend the stay of proceedings until November 18, 2024.  (ECF No. 46.)  No opposition has been filed.  The Court decides the matter on the papers submitted and without oral argument.  *See* Civ. L. R. 7.1(d.1).  For the reasons stated below, the Government's motion is granted.

   The SEC filed this action against Defendants Fusion Hotel Management LLC ("FHM"), Fusion Hospitality Corporation ("FHC," FHM and FHC collectively, "Fusion"), and Denny T. Bhakta ("Bhakta").  According to the Complaint, Bhakta raised over $15 million from more than 40 investors by selling "Capital Notes" issued by FHM and/or FHC, and "Stock Certificates" issued by FHC based on

representations that Fusion was in the business of acquiring blocks of hotel room reservations at wholesale from a major hotel chain and selling them to Fusion's airline clients at a profit. More specifically, Bhakta represented that Fusion had a successful track record, used its relationships with hotel chains and airlines to generate high returns for Fusion investors, and that investments were secured by surety bonds and insurance.

The SEC contends that these representations were false. It alleges that Fusion had no business relationships or clients to purchase or sell blocks of hotel room reservations, and did not buy, or sell, any hotel room reservations. Instead, Bhakta used substantial amounts of investor funds for personal expenses, including millions of dollars lost to gambling, and payments to earlier investors in the manner of a Ponzi scheme. Eventually the scheme failed, leaving the investors with substantial losses.

Based on the foregoing, the SEC filed this action alleging fraud in connection with the purchase or sale of securities in violation of Section 10(b) of the Securities and Exchange Act of 1934 and Rule 10b-5 promulgated thereunder, as well as fraud in the offer or sale of securities in violation of Section 17(a) of the Securities Act of 1933. The SEC seeks injunctive relief barring Defendants from further violations and imposing professional bars, as well as civil penalties and disgorgement of unlawful gains.

At approximately the same time the Complaint was filed, the Government indicted Bakhta in a case also pending in this District, *United States v. Denny Bakhta*, case no. 21-cr-3352-JLS. Based on the scheme alleged in this action, the Government charged Bakhta with one count of securities fraud in violation of 15 U.S.C. §§ 78j, 78ff, and 17 C.F.R. § 140.10b-5, and one count of money laundering in violation of 18 U.S.C. § 1957. The Government is also seeking criminal forfeiture pursuant to 18 U.S.C. §§ 982(a)(1) & (b), and 28 U.S.C. § 2461(c).

The Government filed a motion to intervene and stay this action pending resolution of the parallel criminal case. (ECF No. 28.) The Court granted the motion

1  to intervene and stayed this action until May 22, 2023, with leave to request an
2  extension upon a proper showing. (ECF No. 29.) Since then, on Government's
3  request, the Court has twice extended the stay pending criminal trial. (ECF Nos. 34,
4  37.) The Government now again requests an extension as the criminal trial has been
5  rescheduled to commence on October 21, 2024.

6       The Court possesses inherent power to "control the disposition of the causes on
7  its docket with economy of time and effort for itself, for counsel, and for litigants."
8  *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). In this regard, the movant

> must make out a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay for which he prays will work damage to someone else. Only in rare circumstances will a litigant in one cause be compelled to stand aside while a litigant in another settles the rule of law that will define the rights of both.

*Id*. at 255. Even where the other action likely will settle many issues of law or fact and simplify the action sought to be stayed, the "burden of making out the justice and wisdom of a departure from the beaten track lay[s] heavily on the ... suppliants for relief, and discretion [is] abused if the stay [is] not kept within the bounds of moderation." *Id*. at 256. Accordingly, to warrant a stay of even modest duration, the moving party must "make out a clear case of hardship or inequity." *Id*. at 255.

      These principles are not altered when the Government requests to stay a civil case based on the pendency of a parallel criminal case. *See Keating v. Office of Thrift Supervision,* 45 F3d 322, 324 (9th Cir. 1995). "In the absence of substantial prejudice to the rights of the parties involved, simultaneous parallel civil and criminal proceedings are unobjectionable under our jurisprudence." *Id.*

      The Government argues prejudice if the stay is not extended. A defendant's discovery is more circumscribed in a criminal case than a civil case. *Cf.* 28 U.S.C. § 3500; Fed. R. Crim. Proc. 15(a), 16(a) *with* Fed. R. Civ. Proc. 26(b). As discovery is yet to commence in this case, the Government wishes to preclude Bakhta from using the broad scope of civil discovery to circumvent discovery limitations in the criminal

1 | case. The Government claims that premature exposure of sensitive investigative
2 | information through the civil discovery process would prejudice prosecution of the
3 | criminal case.
4 |     According to the Government, the SEC believes that any prejudice from the
5 | witnesses' diminished ability to recall due to the stay is mitigated because the
6 | underlying misconduct charged in the criminal case and alleged herein are the same.
7 | The Government has not been informed of Defendants' position regarding stay. No
8 | opposition has been filed.
9 |     Accordingly, the Government has made a sufficient showing of prejudice in the
10 | absence of an extension and its motion is granted. The stay of this action is extended
11 | through November 18, 2024.
12 |     **IT IS SO ORDERED.**

Dated: October 16, 2024

*[signature]*
Hon. M. James Lorenz
United States District Judge